Singh v. Barr

BIA
A088 186 012

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of September, two thousand twenty.

PRESENT:
> ROSEMARY S. POOLER,
> RAYMOND J. LOHIER, JR.,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

KARAMJIT SINGH,
> *Petitioner,*

v.                                          18-563
                                            NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Jaspreet Singh, Jackson Heights, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant Attorney General; Anthony C. Payne, Assistant Director; Liza S. Murcia, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Karamjit Singh, a native and citizen of India, seeks review of a February 12, 2018 decision of the BIA denying his motion to reopen. *In re Karamjit Singh,* No. A 088 186 012 (B.I.A. Feb. 12, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We review a denial of a motion to reopen for abuse of discretion. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008). When the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review its factual findings under the substantial evidence standard. *Id.* at 169.

An alien seeking to reopen may file one motion to reopen no later than 90 days after the final administrative decision. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i). However, these time and number limitations do not apply if the motion is filed in order to apply for asylum "based on changed country conditions arising in the country of nationality or the country to which

2

removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous hearing." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). It is undisputed that Singh's motion was number barred and untimely because it was his second motion to reopen, filed seven years after his removal order.

The agency's determination that Singh failed to establish a material change in country conditions is supported by substantial evidence. *See Jian Hui Shao*, 546 F.3d at 169; *see also In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007) (explaining that in evaluating evidence of changed country conditions, the BIA "compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below"). The BIA considered Singh's evidence, which consisted of news articles and reports describing general human rights conditions in India. His evidence showed some attacks on Sikhs both before and after his hearing and did not show worsened conditions for Sikhs and Khalistan supporters since the 2008 hearing. Accordingly, the agency reasonably concluded that the country

3

conditions evidence was insufficient to demonstrate a change in conditions material to Singh's alleged fear of persecution as a Sikh political activist. *See* 8 U.S.C. 1229a(c)(7)(C)(i) (requiring evidence of changed circumstances to be "material" to asylum eligibility); *see also In re J-J-*, 21 I. & N. Dec. 976, 981 (BIA 1997) (noting that an alien seeking reopening based on changed country conditions must show that the change will materially affect the basis of his asylum claim).

Singh argues that his personal statement that the police arrested his father in 2017 in an attempt to locate him is sufficient to establish changed conditions. But the agency was not required to credit that uncorroborated statement because Singh was found not credible in the underlying proceedings. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146–47 (2d Cir. 2007).

Singh also argues that he is prima facie eligible for asylum despite the underlying adverse credibility ruling because his current fear is based on a subsequent event (i.e., his father's arrest). But as already noted, the BIA was not required to credit this statement. *Id*. In addition, the

4

factual predicate of Singh's claim of future persecution was not independent from Singh's previous testimony that was not found reliable. Singh alleged that his father was arrested because of Singh's past political activities, but the IJ did not credit Singh's testimony regarding his past political activities. Accordingly, in light of the IJ's past adverse credibility ruling as to past persecution, Singh's claim based on fear of future persecution is not viable. *See Paul v. Gonzales*, 444 F.3d 148, 154 (2d Cir. 2006). Given Singh's failure to establish a material change in conditions in India, the BIA did not abuse its discretion by denying his motion as untimely and number barred. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i), (ii).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5